UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Eleanora Grodman</u>

    v.                              Civil No. 11-cv-50-PB

<u>Crotched Mountain</u>
<u>Rehabilitation Center, et al.</u>

**<u>O R D E R</u>**

Eleanora Grodman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. no. 1).  The matter is before the court for preliminary review.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (directing court to conduct preliminary examination of habeas petition to determine whether it is facially valid and may proceed); <u>see also</u> § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions not filed pursuant to 28 U.S.C. § 2254).

**Background**[1]

At the time this petition was filed, petitioner was a nineteen year old woman who had previously (as a minor) been placed into the physical and legal custody of New Hampshire

---

[1] The facts here are gleaned primarily from Ms. Grodman's petition, and supplemented as appropriate by other filings in this court.

1

Health and Human Services' Division of Children, Youth, and Families ("DCYF") by the state court. DCYF placed Ms. Grodman at the Crotched Mountain Rehabilitation Center ("Crotched Mountain"), having determined that the placement was appropriate in light of her physical and educational disabilities. Prior to Ms. Grodman's eighteenth birthday, DCYF successfully sought to extend its custody over her beyond her majority, pursuant to N.H. Rev. Stat. Ann. ("RSA") § 463:15, II, which permits extension of guardianship over a minor where the minor provides consent. DCYF consented to the extension of custody on Ms. Grodman's behalf after obtaining a state court ruling that she was not competent to grant or withhold consent on her own behalf. Ms. Grodman's custody and guardianship was thus retained by DCYF, and she continued to reside at Crotched Mountain until after the time this action was filed.

Petitioner, as well as her parents, Arnold Grodman and Elena Katz, are embroiled in a civil lawsuit pending in this court. See Katz v. McVeigh, Civ. No. 10-cv-410-JL. As a result of filings in that case, the court has become aware of a recent order issued by the New Hampshire Circuit Court's Probate Division appointing Arnold Grodman as the "sole and exclusive" guardian of Ms. Grodman's person, and has further learned that Ms. Grodman has been removed from Crotched Mountain and returned to her parents' home. See id. Doc. No. 82 (Procedural Order

issued Aug. 2, 2011), Doc. No. 84 (Plaintiffs' Motion to Modify Court Order filed Aug. 19, 2011); see also In re Grodman, No. 316-2009-GI-1289, (N.H. Cir. Ct. Prob. Div. (Order appointing guardian issued July 7, 2011)).

## Discussion

Federal courts are authorized only to resolve "cases" or "controversies" between parties. Ariz. Christian Sch. Tuition Org. v. Winn, ___ U.S. ___, ___, 131 S. Ct. 1436, 1441-42 (2011) (citing U.S. Const., Art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity . . . .")). A plaintiff must establish standing to bring suit in order to state a case or controversy. Id. at 1442. To do so:

> [P]laintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 1442 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)) (internal quotation marks omitted).

Standing is an ongoing requirement in a federal case. See Davis v. Fed. Election Comm'n, 554 U.S. 724, 733 (2008) ("[I]t is not enough that the requisite interest exist at the outset.

3

To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal citation and quotations omitted)); see Renne v. Geary, 501 U.S. 312, 320 (1991) ("Justiciability concerns not only the standing of litigants to assert particular claims, but also the appropriate timing of judicial intervention.").  A plaintiff must demonstrate standing "for each form of relief" that is sought. Davis, 554 U.S. at 734 (citations and quotation marks omitted).

Even if plaintiff has standing to bring a claim at the time the suit is filed, that claim may become moot if there is no longer a "live case or controversy" for the court to resolve. See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68, n. 22 (1997)).  "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council, 589 F.3d 458, 468 (1st Cir. 2009) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  If, after filing a case with standing, events occur that "undermine[] any of the three pillars on which constitutional standing rests: injury in

4

fact, causation, and redressability" the court must dismiss the claim as moot. See Ramirez v. Sanchez Ramos, 438 F.3d 92, 100 (1st Cir. 2006).

Here, Ms. Grodman filed this action seeking release from her allegedly forced confinement at Crotched Mountain. It appears that Ms. Grodman has now obtained the relief sought in her § 2241 petition – release from her "restraint." Assuming, without deciding, that Ms. Grodman has alleged an injury redressable in a § 2241 action, that injury could not be redressed by a favorable decision here; Ms. Grodman has already obtained release from "custody," the only relief available to her under § 2241. It appears that the instant petition for habeas relief is moot, as the case no longer presents a live "case" or "controversy" redressable by a favorable decision of the court.

On the nascent record before it, however, the court cannot determine definitively that there are no facts that could, if asserted, present a live case or controversy for the court to resolve. Petitioner will therefore be given the opportunity to demonstrate that the petition has not been mooted by her "release" from Crotched Mountain.

**Conclusion**

For the foregoing reasons, petitioner is directed to file a motion to show cause, within fourteen days of the date of this order, why the instant petition should not be dismissed as moot. Failure to comply with this order may result in this court's recommendation that the petition be dismissed.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  August 29, 2011

cc:  Louis A. Piccone, Esq.
     Francis J. McDonough, Esq.

LBM:jba